**Sylver P. VERNA, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 90–1310.**

United States Court of Veterans Appeals.

Submitted Sept. 19, 1991.

Decided Dec. 12, 1991.

Ronald L. Smith, Washington, D.C., was on the brief, for appellant.

Robert E. Coy, Acting Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and John D. McNamee, Washington, D.C., were on the brief, for appellee.

Before FARLEY, MANKIN and HOLDAWAY, Associate Judges.

PER CURIAM:

The sole question before this Court is whether a veteran is entitled to reimbursement from the Department of Veterans Affairs (VA) for the costs of prosthetic appliances which he had purchased without obtaining previous VA authorization. In its decision of July 23, 1990, the Board of Veterans' Appeals (Board) upheld the December 8, 1988, denial of appellant's claim by the VA Medical Center in Washington, D.C., for reimbursement of the cost of hearing aids. A timely appeal to this Court followed.

■ In a brief filed on May 29, 1991, appellant, who resides in France (R. at 31), contends that the VA regulations do not require prior authorization for the purchase of hearing aids. He correctly notes that 38 U.S.C. § 1724 (formerly § 624) authorizes the Secretary of Veterans Affairs (Secretary) to provide medical services, including prosthetic appliances such as hearing aids, to a veteran "outside a State". *See* 38 C.F.R. § 17.115 (1991). Appellant maintains that § 17.115 does not preclude the VA from reimbursing veterans for their unauthorized purchase of hearing aids, and he argues that "the Board erred by misinterpreting the law and ... (VA) regulations as requiring VA authorization before purchase of his hearing aids as a precondition to reimbursement from the VA." Appellant's Abandonment of Issue

on Appeal, at 1 (filed October 7, 1991). Appellant originally also took issue with the Board's determination that he did not, in fact, obtain prior authorization for the purchase of the hearing aids. This argument has been abandoned on appeal. *Id.*

On July 22, 1991, the Secretary filed a brief requesting that the Court uphold the Board's decision. In it, the Secretary contends that § 17.115 provides only for the purchase of prosthetic aids upon VA approval and does not provide for reimbursement. Reimbursement is available only in times of emergency. *See* 38 U.S.C. § 1728 (formerly § 628); 38 C.F.R. §§ 17.80, 17.-80a and 17.81 (1991). Section 17.80, which defines the conditions under which reimbursement can be made, expressly precludes reimbursement for "prosthetic appliances". However, § 17.81 permits reimbursement for repairs to prosthetic devises, only if:

> (a) Obtaining repairs locally was necessary, expedient, and not a matter of preference to using authorized sources, and

> (b) The costs were reasonable, except that where it is determined the costs were excessive or unreasonable, the claim may be allowed to the extent the costs were deemed reasonable and disallowed as to the remainder. In no circumstances will any claim for repairs be allowed to the extent the costs exceed $125.

*Id.* The Secretary contends that none of these situations applies to the facts in the present case, and he urges the Court to affirm the Board's conclusion that appellant is not entitled to reimbursement for the cost of hearing aids.

In his reply brief of October 7, 1991, appellant argues that the statutory authority of the Secretary to *furnish* medical services to veterans outside of a state is not limited to medical emergencies. Yet he still provides no statutory authority for his contention that the VA is obliged to *reimburse* him for prosthetic appliances which he purchased without obtaining prior VA authorization and not under emergency circumstances.

■ Upon consideration of the record and the briefs of appellant and appellee, it is the holding of the Court that appellant has not demonstrated that the Board committed either factual or legal error which would warrant reversal. *See Gilbert v. Derwinski,* 1 Vet.App. 49 (1990); *see also Anderson v. City of Bessemer City,* 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); *Danville Plywood Corp. v. United States,* 899 F.2d 3 (Fed.Cir.1990). Summary disposition is appropriate when, as here, the issue is of relative simplicity and the outcome is not reasonably debatable. *See Frankel v. Derwinski,* 1 Vet.App. 23, 25–26 (1990). Accordingly, the decision of the Board of Veterans' Appeals is affirmed.

*It is so Ordered.*